UNITED STATES v. AMERICAN GEM & PEARL CO.

(Circuit Court, S. D. New York.  May 24, 1905.)

No. 3,656.

1. CUSTOMS DUTIES—CLASSIFICATION—OPAL BALLS—ROCK CRYSTAL RONDELLES—PRECIOUS STONES—BEADS.

In construing the provisions in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, pars. 408, 435, 30 Stat. 189, 192 [U. S. Comp. St. 1901, pp. 1673, 1676], for "beads of all kinds," and "precious stones," respectively, *held*, that pierced opal balls about one-fourth of an inch in diameter and pierced rock-crystal rondelles, or small, flat, faceted disks, are dutiable under the latter provision rather than the former; these articles not being commercially known as beads.  *Held*, also, as to the rock-crystal articles, that they are dutiable under said latter provision rather than as manufactures of rock crystal under paragraph 115, Schedule B, § 1, of said act (30 Stat. 159 [U. S. Comp. St. 1901, p. 1636]).

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,776 (T. D. 25,549), which reversed the assessment of duty by the collector of customs at the port of New York.

The opinion of the Board of General Appraisers reads as follows:

SHARRETTS, General Appraiser.  The merchandise in question consists of so-called drilled opal balls and rock-crystal rondelles.  The opal balls are about one-fourth of one inch in diameter, and have been pierced and made spherical by a process of cutting.  The rondelles are small, flat disks with

faceted edges, and pierced through the center. Duty was assessed on the merchandise at the rate of 35 per cent. ad valorem under the provision of Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 408, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673], for beads of all kinds, and it is claimed by the importers to be dutiable at 10 per cent. ad valorem under paragraph 435, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676].

The two paragraphs relied upon by the litigants in this case are:

"408. Beads of all kinds, not threaded or strung, thirty-five per centum ad valorem; fabrics, nets or nettings, laces, embroideries, galloons, wearing apparel, ornaments, trimmings and other articles not specially provided for in this act, composed wholly or in part of beads or spangles made of glass or paste, gelatin, metal, or other material, but not composed in part of wool, sixty per centum ad valorem."

"435. Diamonds and other precious stones advanced in condition or value from their natural state by cleaving, splitting, cutting, or other process, and not set, ten per centum ad valorem * * * ."

Opal is classified as one of the nine minerals distinguished as precious stones. Rock crystal, although not so classed mineralogically, belongs to the class of minerals known as semiprecious stones, and for tariff purposes is regarded as a precious stone. Hahn v. U. S., 100 Fed. 635, 40 C. C. A. 622. All of the merchandise in dispute has been advanced in condition by cutting and is not set, and would properly be chargeable with duty under paragraph 435, unless more specifically provided for elsewhere in the tariff act. The contention of the collector is that the articles in dispute are more specifically provided for under paragraph 408, as "beads."

The counsel for the government in a very able brief argues that "beads" is not a commercial term, but we are inclined to the opinion that we must give the word the meaning applied to it commercially; otherwise the phrase "beads of all kinds" would include beads for guns and rifles, glass globules known as beads used for testing the strength of alcoholic spirits, beads of fused borax used in chemical laboratories, and, in architecture and wood- work, ornaments known as beads used to mark a junction or a separation. In Shevill v. U. S. (C. C.) 87 Fed. 192, the court defines beads to be "little perforated balls to be strung on a thread and worn for an ornament." The elimination of the other two definitions of the word "beads," together with the numerous subdivisions thereof found in Webster, indicates that the court as nearly as possible confined itself to the trade meaning of the word, which, with regard to glass beads, does not differ from the dictionary meaning. In the present case we are not dealing with the ordinary beads of commerce, but with precious stones, regarding which the preponderance of the evidence shows that they are not known in trade as beads.

It is a fact, as contended for by the counsel for the government, that it is not sufficient for the importers to show that the merchandise is not known by those who deal in it as beads, but it must be proven that the term "beads" has a well-known commercial meaning which excludes precious stones from classification thereunder. We think there has been an approximation of this condition when it is shown that dealers in the ordinary beads of commerce do not handle precious stones, and that those who do deal in precious stones never designate them as beads. Diamonds and other precious stones cut in drop shape and faceted are known in trade as "briolettes," just as the opals in question are known as "balls." These briolettes, in many instances, are drilled through, and would, under the contention of the government, become dutiable as beads. The same may be said of drilled pearls, but by judicial determination they are not beads; otherwise, the similitude clause would not have been made applicable thereto. Neresheimer v. U. S. (C. C.) 131 Fed. 977.

Paragraph 408, after enumerating beads, provides for articles composed wholly or in part of beads made of glass or paste, gelatin, metal, or other materials. Precious stones are not ejusdem generis with the class of goods enumerated in this paragraph. One of the witnesses for the importers testified that he handles opal beads and that such articles were imitations composed of glass, just as the term "pearl beads" as understood in trade does not

include genuine pearls drilled, but refers to articles of glass made to imitate pearls.

For the reasons set forth herein, we are of opinion that neither the opal balls nor the rondelles are dutiable at 35 per cent. ad valorem as "beads." Concerning the rondelles, they are neither commonly nor commercially known as beads, and, were it not for the provision of section 1, Schedule B, par. 115, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636], for manufactures of rock crystal, their classification under paragraph 435 would be conceded by the government. We have carefully considered this point, and are of opinion that articles of utility, such as umbrella handles, paperweights, etc., composed of rock crystal, are dutiable under paragraph 115, but that rock crystal cut and capable of being set in jewelry is included within the enumeration of paragraph 435, and not of 115.

The protests are sustained, and the collector's decision in each case is reversed.

Charles Duane Baker, Asst. U. S. Atty.
M. D. Rothschild, for importers.

TOWNSEND, Circuit Judge. Decision of the Board of General Appraisers affirmed.